IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DATABASEUSA.COM LLC, a Nevada Limited Liability Company with its principal place of business in the State of Nebraska;<br><br>Plaintiff,<br><br>vs.<br><br>THE SPAMHAUS PROJECT,<br><br>Defendant. | 8:19CV423<br><br><br>ORDER |

This matter is before the Court on Plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) and NECivR 55.1(c). Filing No. 13. Plaintiff filed this lawsuit alleging that defendant wrongfully blacklisted it on a Domain Block List ("DBL"). The DBL purports to block users from receiving emails or communications from those companies placed on the DBL. Plaintiff is a Nevada limited liability company with its principal place of business in Douglas County, Nebraska. Defendant is a United Kingdom non-profit limited liability company doing business in the State of Nebraska.

Defendant provides information and databases for marketing and analytics, in large part through email marketing. In May 2017, plaintiff determined that it was added to one of defendant's blocklists. Plaintiff was briefly removed from the list and then returned quickly where it still remains. Plaintiff has made numerous attempts to remove its name from this list, but to no avail. As a result, plaintiff contends it has been severely damaged. Plaintiff requests an injunction and monetary damages in excess of $1,000,000. Filing No. 1.

1

Plaintiff issued a service of summons, returned executed, on October 28, 2019. Filing Nos. 5 and 6. Defendant did not answer within 60 days of service. An order to show cause was issued against the plaintiff on December 3, 2019, by the magistrate judge. Filing No. 9. This order gave the plaintiff until January 2, 2020, to show cause why this case should not be dismissed for lack of prosecution.

Thereafter, plaintiff filed for a motion for clerk's entry of default against the defendant, Filing No. 10, which the Clerk of Court entered on December 6, 2019. Filing No. 11. The order to show cause was mooted then by the magistrate judge. Filing No. 12. The plaintiff has now moved for default judgment against the defendant. Filing No. 13.

The Court finds the plaintiff has stated a legitimate cause of action. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) ("it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law"). Plaintiff has adequately alleged causes of action for both tortious interference and defamation. The Court likewise finds it has jurisdiction and venue over this case. "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). "Nebraska's long-arm statute is to be interpreted broadly in view of the rationale and philosophy underlying its adoption. Neb. Rev. Stat. § 25–536 expressly extends Nebraska's jurisdiction over nonresidents having any contact with or maintaining any relation with Nebraska as far as the U.S. Constitution permits." *Quality Pork Int'l v. Rupari Food Servs., Inc.*, 267 Neb. 474, 480, 675 N.W.2d 642, 648–49 (2004). With regards to general jurisdiction, "a court may assert jurisdiction over a foreign corporation 'to hear any and all claims against [it]' only when the corporation's affiliations

with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler*, 571 U.S. at 122; citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). It appears that defendant knowingly engaged in activities in the State of Nebraska by selling internet services to providers who do business in Nebraska. Further, defendant failed to answer or otherwise plead in this case. The Court will grant the motion for default judgment.

In addition, plaintiff requests an evidentiary hearing on damages. The Court finds plaintiff is entitled to do so. A plaintiff "must still prove its actual damages to a reasonable degree of certainty." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001).

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion for default judgment, Filing No. 13, is granted;

2. Plaintiff's request for an evidentiary hearing for purposes of proving up damages is granted. Said hearing shall be held on March 19, 2020 at 9:00 a.m. in Courtroom No. 3, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

3. The Clerk of Court is instructed to send a copy of this Order to the defendant at its last known address.

4. The Court will issue a permanent injunction following the evidentiary hearing.

Dated this 5th day of February, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge