IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DATABASEUSA.COM LLC, a Nevada Limited Liability Company with its principal place of business in the State of Nebraska;<br><br>Plaintiff,<br><br>vs.<br><br>THE SPAMHAUS PROJECT, a company limited by guarantee and organized under the laws of England also known as The Spamhaus Project LTD<br><br>Defendant. | 8:19CV423<br><br>**MEMORANDUM and ORDER** |

This matter is before the Court on plaintiff DatabaseUSA.com LLC's (DatabaseUSA) response, Filing No. 32, to the court's earlier order, Filing No. 29, taking DatabaseUSA's motion for default judgment, Filing No. 13, under advisement as to damages. This is an action for defamation and tortious interference with a business relationship or expectation. The Spamhaus Project (Spamhaus) maintains a Domain Block List (DBL) that identifies domains that are engaging in spamming activities. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

I.   BACKGROUND

Earlier, the Court entered a default judgment, in an amount to be determined later, against defendant The Spamhaus Project (Spamhaus) and in favor of DatabaseUSA. Filing No. 16. The Court found the allegations of DatabaseUSA's complaint, deemed admitted by Spamhaus's default, properly established the elements of its claims and satisfied the standards for entry of a default judgment against Spamhaus for defamation and tortious interference with a business relationship. Filing

1

Nos. 16 and 29. After a hearing on damages, the Court declined to impose injunctive relief for the reason that DatabaseUSA had not proposed a narrowly drawn injunction that could pass constitutional muster. Filing No. 29, Memorandum and Order at 10-12. The Court also left the record open for DatabaseUSA to provide evidence of any alleged lost profits. *Id.* at 8.

DatabaseUSA now seeks damages in the nominal amount of one dollar, as well as injunctive relief. It contends its damages are difficult to ascertain and also argues that it will suffer irreparable harm absent an injunction. DatabaseUSA proposes that the Court enter an injunction ordering defendant Spamhaus to: (1) Publish a statement on the blocklist website that DatabaseUSA.com LLC was wrongfully included on the blocklist from May 2017 until the date of this order; (2) include in its published statement a reference to this action by name and case number; and (3) remove DatabaseUSA from the blocklist going forward, or provide DatabaseUSA with an explanation for why DatabaseUSA is on the blocklist and an explanation for how DatabaseUSA can be removed from the blocklist.

II. LAW

"'[P]rior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights.'" *Tory v. Cochran*, 544 U.S. 734, 738 (2005) (quoting *Nebraska Press Assn. v. Stuart*, 427 U.S. 539, 559 (1976)). "A prior restraint should not 'swee[p]' any 'more broadly than necessary.'" *Id.* (quoting *Pittsburgh Press Co. v. Pittsburgh Comm'n on Human Relations*, 413 U.S. 376, 390 (1973)). The Supreme Court has made it clear that commercial speech is to be afforded less constitutional protection than noncommercial speech. *See, e.g., United States v. Edge Broad. Co.*, 509 U.S. 418, 430 (1993) (referring to the "subordinate

position of commercial speech in the scale of First Amendment values"). Clearly, false or misleading "commercial speech" may be forbidden. *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council*, 425 U.S. 748, 771–72 (1976).

Traditionally, American courts have abided by the rule that "equity will not enjoin a libel" because "damages provide an adequate remedy at law . . . and to enjoin defamation is to effect an unconstitutional prior restraint on speech." *Sid Dillon Chevrolet, Inc. v. Sullivan*, 559 N.W.2d 740, 746 (Neb. 1997). However, there is an exception to the general rule where there has been a prior adjudication of falsity. *See Pittsburgh Press,* 413 U.S. at 390 (stating the Supreme Court "has never held that all injunctions are impermissible" and noting that "[t]he special vice of a prior restraint is that communication will be suppressed . . . before an adequate determination that it is unprotected by the First Amendment"); *Auburn Police Union v. Carpenter*, 8 F.3d 886, 903 (1st Cir. 1993) (stating "a judicial injunction that prohibits speech *prior to a determination* that the speech is unprotected [ ] constitutes a prior restraint" (emphasis added)); *Sid Dillon Chevrolet,* 559 N.W.2d at 747 ("*Absent a prior adversarial determination* that the complained of publication is false or a misleading representation of fact, equity will not issue to enjoin a libel or slander, unless such libel or slander is published (1) in violation of a trust or contract or (2) in aid of another tort or unlawful act, or injunctive relief is essential for the preservation of a property right." (emphasis added)). A restraint via an injunction is permissible if the speech has "been adjudicated to be libelous and therefore not to be protected under the First Amendment." *Nolan v. Campbell,* 690 N.W.2d 638, 652 (Neb. Ct. App. 2004); *see also TM v. MZ*, 926 N.W.2d 900, 912 (Mich. Ct. App. 2018); *Hill v. Petrotech Res. Corp.*, 325 S.W.3d 302, 308-309 (Ky. 2010); *Balboa Island Village Inn, Inc. v. Lemen*, 156 P.3d 339, 351 (Cal. 2007);

3

*San Antonio Comm. Hosp. v. S. Cal. Dist. Council of Carpenters*, 125 F.3d 1230, 1239 (9th Cir. 1997); *Lothschuetz v. Carpenter*, 898 F.2d 1200, 1208-09 (6th Cir. 1990); *Advanced Training Sys., Inc. v. Caswell Equip. Co., Inc.*, 352 N.W.2d 1, 11 (Minn. 1984); *Organovo Holdings, Inc. v. Dimitrov*, 162 A.3d 102, 123-126 (Del. Ch. 2017) (all holding that a trial court may enjoin a defendant from making defamatory statements after there has been a determination that the speech is, in fact, false).

Once the speech is found to be false, the question becomes whether the injunction is sufficiently narrow to survive strict scrutiny. *In re Conservatorship of Turner*, No. M2013-01665-COA-R3-CV, 2014 WL 1901115, at *20 (Tenn. Ct. App. May 9, 2014); *see also Carroll v. President and Comm'rs of Princess Anne*, 393 U.S. 175, 183–184 (1968) (An "order" issued in "the area of First Amendment rights" must be "precis[e]" and narrowly "tailored" to achieve the "pin-pointed objective" of the "needs of the case"). In order for an injunction to pass constitutional muster, the suppression must be limited to the precise statements already found libelous. *Nolan v. Campbell*, 690 N.W.2d at 653; *see also Advanced Training Sys. v. Caswell Equip. Co.*, 352 N.W.2d 1, 11 (Minn. 1984) ("We therefore hold that the injunction below, limited as it is to material found either libelous or disparaging after a full jury trial, is not unconstitutional and may stand."); *O'Brien v. Univ. Cmty. Tenants Union, Inc.,* 327 N.E.2d 753, 755 (Ohio 1975) ("Once speech has judicially been found libelous, if all the requirements for injunctive relief are met, an injunction for restraint of continued publication of that same speech may be proper.").

Further, a determination that statements were false and defamatory may be based upon an adjudication that results from the entry of a default judgment. *See Loden v. Schmidt*, No. M2014-01284-COA-R3-CV, 2015 WL 1881240, at *8–9 (Tenn.

4

Ct. App. Apr. 24, 2015); *see also* Lothschuetz, 898 F.2d at 1208 (reversing district court's denial of injunctive relief as an unwarranted restraint on freedom of speech and granting a narrow injunction limited to the statements that had been found, on default, to be false and libelous); Baker v. Kuritzky, 95 F. Supp. 3d 52, 58 (D. Mass. 2015) (enjoining specific statements that had been found, by virtue of the default, to be libelous). Also, injunctive relief is a common and non-controversial remedy for tortious interference with prospective economic advantage. *Organovo Holdings*, 162 A.2d at 122 (recognizing that a request for equitable remedies for tortious interference with prospective economic advantage can provide the requisite basis for equitable jurisdiction that can justify a related injunction against future speech).

The test for imposing an injunction is: (1) the moving party has suffered or will suffer an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 393 (2006) (involving a permanent injunction in a patent case). "[A] movant seeking injunctive relief must 'demonstrate that irreparable injury is *likely* in the absence of an injunction.'" Sierra Club v. U.S. Army Corps of Eng'rs, 645 F.3d 978, 992 (8th Cir. 2011) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (emphasis in original)). It is well established that '[i]rreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages.'" Grasso Enters., LLC v. Express Scripts, Inc., 809 F.3d 1033, 1040 (8th Cir. 2016) (quoting Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 319 (8th Cir. 2009)).

5

Continuing defamatory conduct has been held to irreparably injure plaintiffs. *See, e.g., Baker,* 95 F. Supp. 3d at 58; *ThermoLife Intern., LLC v. Connors*, 2:13–cv–4399, 2014 WL 1050789, at *4–5 (D.N.J. Mar. 17, 2014) (finding that defamatory statements caused irreparable injury to the plaintiff's business reputation); *Overholt Crop Ins. Serv. Co. v. Travis*, 941 F.2d 1361, 1371 (8th Cir. 1991) (stating that although monetary damages alone can compensate for harm already incurred, injunctive relief is appropriate to "protect . . . against the loss of any additional customers due to the illegalities of the defendants."); *Pittsburgh Press*, 413 U.S. at 390 (approving an order directed to "a continuing course of repetitive conduct," and noting the Court was not "asked to speculate as to the effect of publication"). Also, "[l]oss of intangible assets such as reputation and goodwill can constitute irreparable injury." *United Healthcare Ins. Co. v. AdvancePCS*, 316 F.3d 737, 741 (8th Cir. 2002) (holding that because damage to one's reputation is a harm that cannot be remedied by a later award of money damages, the threat of reputational harm may form the basis for injunctive relief); *see also Medicine Shoppe Int'l, Inc. v. S.B.S. Pill Dr., Inc.*, 336 F.3d 801, 805 (8th Cir. 2003)("Harm to reputation and goodwill is difficult, if not impossible, to quantify in terms of dollars."); *Ross–Simons of Warwick, Inc. v. Baccarat, Inc.*, 217 F.3d 8, 13 (1st Cir. 2000) (stating that "[b]ecause injuries to goodwill and reputation are not easily quantifiable, courts often find this type of harm irreparable").

There is a public interest in upholding legal rights. *See Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005) (involving copyright protection and a permanent injunction); *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 505 (8th Cir. 1987) (involving a trademark infringement and anti-trust

action, noting strong public interest in low prices, avoiding monopolies and encouraging, not stifling, competition).

III.  ANALYSIS

The Court first finds DatabaseUSA has satisfied the requirements for injunctive relief under *eBay*. DatabaseUSA has demonstrated an irreparable injury. It has shown damage to its reputation, a loss of customers, and loss of potential revenue as a result of Spamhaus's defamation and tortious interference. Spamhaus's continued wrongful listing of DatabaseUSA as a spammer has a potentially to greatly impact DatabaseUSA's business. DatabaseUSA has shown that its generally good business reputation that was damaged by Spamhaus's tortious conduct and the loss associated with damage to its brand or goodwill is difficult to quantify. The inability to calculate DatabaseUSA's future loss with reasonable precision makes legal remedies inadequate in this case.

The balance of harms and the public interest also favor granting an injunction to DatabaseUSA. Without a permanent injunction, DatabaseUSA will continue to suffer irreparable injury to a significant portion of its business, and will lose future opportunities, goodwill, and potential revenue. In contrast, the burden on Spamhaus in complying with the terms of the narrowly drawn injunction appears slight. Spamhaus did not appear or respond to Database's allegations in this case. The effort required to post a notice in the nature of a retraction on its website is negligible. The Court finds the negligible harm inflicted on Spamhaus by a narrowly drawn injunction is outweighed by the potential harm to DatabaseUSA in denying the injunction. The public's interest is furthered by allowing vindication of tortious conduct.

The Court also finds that entry of a narrowly drawn injunction in this case will not implicate constitutional concerns. This is a case involving commercial speech, which is afforded less deference under the First Amendment. Because there has been an adjudication, by virtue of the default judgment, of the falsity of the challenged statements, the constitutional problems associated with a prior restraint are not present. Enjoining Spamhaus's continuing course of repetitive defamatory conduct does not affect an improper and unconstitutional prior restraint on protected speech.

DatabaseUSA's proposed injunction passes constitutional muster in part. Its proposed injunction is directed only at the speech that has been adjudicated to be false—the 2017 inclusion of DatabaseUSA on the spammer list. It is properly limited to prohibiting Spamhaus from repeating statements that have been determined to be defamatory. Accordingly, the Court will adopt the plaintiff's proposal to the extent it is directed at Spamhaus's past conduct.

With respect to Spamhaus's conduct in the future, continued publication of the same speech that has been found to be defamatory and to tortiously interfere with DatabaseUSA's business relationships is not an improper prior restraint. Nonetheless, an injunction on future speech must be no more broad than necessary to remedy the wrongful conduct alleged in the complaint. In its complaint, DatabaseUSA challenged its inclusion on a domain block list represented to contain only the domain names of entities "that send emails including phishing, fraud, '419,' malware, or viruses" despite the fact that Database "has never partaken in any of [those] prohibited actions," without providing "any reason or justification for placing Database on the blocklist." Filing No. 1, Complaint at 3-4. The conduct addressed in this action is Spamhaus's wrongful listing of DatabaseUSA.com on its DBL without justification. Going forward, the Court will

tailor the injunction as precisely as possible to the needs of the case and the injunction will be aimed only at the conduct that has been found objectionable. A blanket injunction ordering the defendant not to include DatabaseUSA.com on the DBL in the future would be overly broad and could prohibit speech that is not defamatory. The Court will not enjoin all future listing of DatabaseUSA.com on the DBL but will require Spamhaus to provide a rationale for the listing to DatabaseUSA. Spamhaus is not prevented from including DatabaseUSA.com on its list if it furnishes legitimate reasons for doing so. Accordingly,

IT IS ORDERED that:

1. The plaintiff's motion for default judgment (Filing No. 13) is granted.

2. A default judgment will be entered on favor of the plaintiff and against defendant in the nominal amount of one dollar ($1.00).

3. The plaintiff's request for an injunction is granted.

4. A separate injunction in accordance with this Memorandum and Order will be issued this date.

Dated this 27th day of July, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge